IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED DAIE,<br><br>    Plaintiff,<br><br>  v.<br><br>INTEL CORPORATION LONG TERM DISABILITY PLAN, INTEL CORPORATION, THE REED GROUP, CLAIM APPEAL FIDUCIARY SERVICES, and DOES 1–50,<br><br>    Defendants.<br>/ | No. C 15-05255 WHA<br><br>**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE** |

## INTRODUCTION

In this ERISA action, defendants have moved to transfer venue. For the reasons stated below, defendants' motion is **DENIED**.

## STATEMENT

Plaintiff Ed Daie is a resident of Fountain Hills, Arizona. He seeks to recover long-term disability insurance benefits that he claims he is owed by defendant Intel Corporation Long Term Disability Plan, a retirement plan governed by the Employee Retirement Income Security Act of 1974. The Plan is funded by Daie's former employer, defendant Intel Corporation, a Delaware corporation with its headquarters in Santa Clara, California. Intel delegated responsibility for the initial adjudication of claims and first-level appeals to defendant Reed Group, Ltd. (identified as "The Reed Group" in the complaint), a Colorado corporation with its headquarters in Colorado. Intel delegated responsibility for final appeals to Claim Appeal

Fiduciary Services, Inc. (identified only as "Claim Appeal Fiduciary Services" in the complaint), a Colorado corporation with offices in Colorado and Georgia (Compl. ¶¶ 6–10, 26; Yarborough Decl. ¶¶ 4–6).

Daie suffered from various medical conditions that kept him confined to his home in Arizona where he received extensive medical treatment. From 2005 until 2012, Intel accommodated Daie's condition by allowing him to work from his home. In 2012, Daie applied for short-term disability benefits by submitting records of the treatment he received from physicians in Arizona to Reed. Reed granted Daie's application for short-term disability benefits. When Daie applied for long-term disability benefits, however, Reed concluded that the records submitted failed to establish a long-term disability and lacked objective medical findings to substantiate the claim, Reed informed Daie of the decision to deny his claim by letter addressed to his home in Arizona. Daie's subsequent appeals were also denied (Compl. ¶¶ 17–27, 32–33).

This action for the recovery of long-term disability benefits is Daie's second action against these plaintiffs. In July 2015, Daie commenced his first action in California state court for intentional infliction of emotional distress arising out of defendants' conduct in evaluating his claims. Defendants removed the action to federal court based on the assertion that Daie's claims were completely preempted by ERISA and subsequently moved to transfer the action to the District of Arizona. In November 2015, the undersigned judge remanded the action for lack of subject-matter jurisdiction because Daie's claims implicated independent legal duties under state law and were therefore not completely preempted. *Daie v. Intel Corporation*, No. 15-3813 (N.D. Cal. Nov. 10, 2015) (Dkt. No. 37).

Daie commenced this action in November 2015 — one week after the order remanding his first action issued. Upon Daie's motion, the undersigned related this action to the previous action, and it was reassigned accordingly. Defendants then filed the instant motion to transfer venue to the District of Arizona, or in the alternative to transfer it to the San Jose Division of this district. This order follows full briefing and oral argument.

2

**ANALYSIS**

Section 1132(e)(2) of Title 29 of the United States Code provides that venue is proper under ERISA in (1) the district where the plan is administered, (2) where the alleged breach took place, or (3) where a defendant resides or may be found. Both sides agree that venue is proper in this district, inasmuch as Intel resides or may be found in this district. Defendants argue that venue should be transferred pursuant to Section 1404(a) of Title 28 of the United States Code, which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Both sides agree that the action could have been brought in the District of Arizona, inasmuch as Daie resided in Arizona when the alleged breach occurred, and he would have received his long-term benefits there. *See* 29 U.S.C. 1132(e)(2). Thus, Daie's basis for challenging defendants' motion is limited to consideration of whether the convenience of the parties and witnesses and the interest of justice counsel towards transfer.

The purpose of Section 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). A district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The district court must consider both private factors, which go to the convenience of the parties and witnesses, and public factors which go to the interests of justice. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Ordinarily, a defendant seeking to transfer under Section 1404(a) bears a heavy burden to overcome the plaintiff's choice of forum; however, where, as here, the chosen forum is not the plaintiff's home forum, "the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). Nevertheless, defendants have failed to meet that lighter burden, as now discussed.

3

1.     **CONVENIENCE AND FAIRNESS.**

This order first considers the private convenience and fairness factors, which focus primarily on the relative ease of access to sources of proof, the availability of compulsory process for unwilling witnesses, the cost of obtaining the attendance of willing witnesses, and other practical considerations that make resolving a case easy, expeditious, and inexpensive. *Decker*, 805 F.3d at 843.

Claims for the recovery of benefits are generally tried solely on the administrative record, "unless circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review." *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094 (9th Cir. 1999) (quoting *Mongeluzo v. Baxter Travenol Disability Benefit Plan*, 46 F.3d 938, 942 (9th Cir. 1995)). At oral argument, counsel for Daie explicitly stated that there would be no discovery or live testimony, and counsel for defendants agreed.

Defendants cite two decisions from this district that held that the remote possibility that an ERISA action will require discovery or live testimony is a sufficient basis to transfer the action to the district in which discovery would be taken or in which the relevant witnesses reside. *Nozolino v. Hartford Life & Accident Ins. Co.*, No. 12-04314, 2013 WL 2468350, at *3 (N.D. Cal. June 7, 2013) (Judge Jon S. Tigar); *M.K. v. Visa Cigna Network POS Plan*, No. 12-04652, 2013, WL 2146609 (N.D. Cal. May 15, 2013) (Judge Lucy H. Koh). Here, although plaintiff and his physicians reside in Arizona, both sides explicitly agree that there will be no discovery or live testimony whatsoever, so the convenience of witnesses is irrelevant. Defendants do not dispute that the administrative record — the sole evidentiary record in this action — could just as easily be delivered to California as to Arizona.

Defendants argue that Reed and CAFS could not have expected to be brought to court in California for claims arising from the administration of an ERISA plan for a plan member living in Arizona, but they offer no argument that litigating in this forum would be unfair or inconvenient on that basis or that Arizona would be preferable. Indeed neither Reed nor CAFS has a presence in either district. Moreover, both companies adjudicated claims for *all* of Intel,

4

which included a significant number of personnel based in California, so Reed and CAFS should have been prepared to litigate in California.

Finally, practical considerations that would make resolving this case easy, expeditious, and inexpensive counsel against transfer. Transferring the case would cause unnecessary administrative delays and would require both sides to retain new counsel or impose travel expenses for existing counsel. Daie's counsel are located in San Francisco, and defendants' counsel are located in Atlanta as well as San Francisco.

Both sides agree that there is no possibility that this action will require further discovery or live testimony from Arizona witnesses, so that forum would not be any more convenient than this one. Plaintiff's choice of forum and the interest of easy, expeditious, and inexpensive resolution of the case counsels against transfer. The remaining aspects of convenience and fairness remain neutral. This order now turns to the public interests implicated by defendants' motion to transfer.

## 2. INTEREST OF JUSTICE.

A district court hearing a motion to transfer must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and burdening citizens of an unrelated forum with jury duty. *Decker Coal*, 805 F.2d at 843.

Court congestion is a neutral factor. As of June 2015, the District of Arizona had 416 pending cases per active judge while this district had 459 per active judge. Additionally, the median time from filing to disposition for civil actions in both districts was 7.8 months. U.S. District Courts, Federal Court Management Statistics — Comparison Within Circuit (June 30, 2015) (appended to this order as Exh. A).

Defendants argue that the Arizona has more of an interest this action because it involves an Arizona local and because the alleged breach occurred in Arizona. This is probably true, and why Daie prefers California is a small mystery but perhaps it is as simple as his counsel works in California. Our district is not an artifice since Intel is here.

5

Again, plaintiff explicitly concedes that the evidence in this action will be "confined to that which already exists in the administrative record" (Pl.'s Opp. at 10). Thus, in the absence of any compelling convenience argument in favor of transfer, this order holds that the purpose of Section 1404(a), namely, "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," is best served, despite Arizona's interest in the case, by declining to transfer the action, thereby avoiding the administrative burden and the unnecessary delay that would follow from transferring and requiring the parties each to retain new counsel or have their counsel travel to Arizona.

Moreover, the assigned judge is already familiar with this matter, having ruled on the remand in the earlier and still-pending action (now proceeding in state court). If that action later becomes removable, then it would land in our court again and could be related, so both cases could be assigned to the same judge. This consideration also answers the alternative request for transfer to the San Jose division. Additionally, defendants' preferred venue, in Arizona, is *farther* from Intel's headquarters.

## CONCLUSION

For the reasons stated above, defendants' motion to transfer venue is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 18, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE